UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN DOE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:19-cv-326 |
| | : | |
| PROVIDENCE COLLEGE, | : | |
| Defendant. | : | **JURY DEMAND** |

## COMPLAINT

### Parties

1.      Plaintiff, John Doe ("Plaintiff"), is a resident of Peterborough, New Hampshire.

2.      Defendant, Providence College ("PC"), is a non-profit corporation duly formed and existing under the laws of the State of Rhode Island.  PC is a private college and recipient of federal funds within the meaning of 20 U.S.C. § 1681 *et seq*. ("Title IX").  PC has a principal place of business located at 1 Cunningham Square, Providence, Rhode Island.

### Jurisdiction and Venue

3.      Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 in that Plaintiff seeks redress for violations of her rights under the laws of the United States.

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the acts and omissions giving rise to these claims occurred in this district.

### Statement of Facts

7.      In or about August 2018, Plaintiff began his freshman year at PC.

8.      On March 18, 2019, Plaintiff was made aware of a complaint having been filed by a female PC student ("Complainant") alleging that Plaintiff sexually assaulted her in the late evening of September 29, 2018/early morning of September 30, 2018 ("Title IX Complaint") in violation of PC's <u>Sexual Misconduct or Relationship Violence Policy: Grievance Resolution Procedures for Reports of Policy Violations Against Students</u> (the "Sexual Misconduct Policy"). A copy of the Sexual Misconduct Policy is attached as **Exhibit A**.

9.      The nature of the Title IX Complaint made against Plaintiff is that he proceeded to have sex with Complainant without first obtaining affirmative consent from her.

10.     PC appointed Kristie McCann Passalacqua, Esq. as an external investigator ("Investigator") to conduct the investigation into the Title IX Complaint.

11.     PC has a long-standing relationship with the Investigator including the Investigator serving as defense counsel to PC in the R.I. Superior Court case of John E. Langley, Jr. as administrator of the Estate of John D. Langley v. Providence College, C.A. No. PC-2005-5702.

12.     In Langley v. Providence College, the Honorable Patricia A. Hurst issued a decision detailing PC's pattern of concealment, evasion, and obstruction and misrepresentations made to the Court by PC and/or its counsel.  (See 2009 WL 3328496).

13.     The Sexual Misconduct Policy provides for a fundamentally unfair grievance procedure, both as to the investigation and hearing.  The offensive provisions of the grievance procedure are as follow:

• Prohibition against cross-examination of complainant or witnesses;

• Only two business days' notice to review the preliminary investigative report, within which time respondent must complete review of the report and provide a response;

• Prohibition against copying, photographing or removing any investigative report.

See **Exhibit A**.

14.     On April 18, 2019, Plaintiff underwent a polygraph examination conducted by one of the nation's leading polygraph examiners.  The polygraph examination and results were peer-reviewed by a second leading polygraph examiner.

15.     Plaintiff passed the polygraph examination.

16.     On April 26, 2019, Plaintiff handed the Investigator a copy of the polygraph results and peer-review examination (the "Polygraph Report") requesting that it be made a part of the evidence submitted to the hearing board.

17.     On May 22, 2019, the Investigator informed Plaintiff that she could not incorporate it into her report as part of the fact gathering and analyzing process in her investigation simply because "[a]s the investigator, per PC's policy, I have discretion to include or exclude certain types of information and I decided to exclude this [polygraph] report."

18.     On May 22, 2019, Plaintiff's advisor, John R. Grasso, Esq. ("Attorney Grasso") sent a letter to Gail Dyer, J.D., Associate Vice President/Associate General Counsel ("Ms. Dyer"), requesting that the Investigator be asked to reconsider her decision to exclude the Polygraph Report as part of the evidence to be submitted to the hearing board.

19.     Ms. Dyer has not responded to Attorney Grasso's letter request, nor has the Investigator indicated that she has reconsidered her decision to exclude the Polygraph Report.

20.     On May 28, 2019 at 3:50 pm, PC's Office of Community Standards emailed Plaintiff informing him that it had received the Investigator's preliminary report regarding the Title IX Complaint ("Preliminary Report") and offered to make it available for viewing (without copying, photographing or removing it) by Plaintiff and his advisor during normal business hours

for as long as reasonably necessary.  However, Plaintiff was only given until 2:00 pm on May 31, 2019 to conduct the review with his advisor and provide his response.

21.     At Attorney Grasso's request, PC agreed to give Plaintiff until 2:00 pm on June 14, 2019 to provide his response to the Preliminary Report.

22.     The Preliminary Report is 75 single-spaced pages with 50 tabbed sections containing 136 additional pages of exhibits.

23.     Despite the additional time, Attorney Grasso cannot effectively prepare to respond to the Preliminary Report without being provided a copy.

24.     The Preliminary Report contains factual findings by the Investigator that are irrelevant to the Title IX Complaint and unfairly prejudicial to Plaintiff.

25.     The Preliminary Report also contains conclusions and assumptions by the Investigator which exceed the Investigator's role and encroaches on the hearing board's purview to evaluate and weigh the evidence.  For example, the Preliminary Report includes a section "investigative conclusion" which contains the Investigator's conclusions of the evidence.

26.     A basic and fundamental tenet of justice and fairness is an opportunity to be heard meaningfully.

27.     The Investigator's inclusion of every aspect of evidence in favor of Complainant's version of events to the exclusion of the Polygraph Report denies an opportunity to be heard meaningfully where, as here, confrontation and cross-examination are prohibited.

28.     With the vast majority of Title IX complaints being brought against males, a grievance process through which the accused is denied fundamental fairness operates to unfairly discriminate against males.

<u>**COUNT I**</u>
**Discrimination in Violation of the Educational Amendments of 1972 (Title IX)**
**20 U.S.C. § 1681 *et seq.***

29.      The prior paragraphs are incorporated herein by reference as if set forth in their

entirety.

30.      Under Title IX, it is unlawful for an educational institution receiving federal funds

to discriminate on the basis of sex.  A funding recipient has engaged in discrimination when it

manifests deliberate indifference to discriminatory conduct directed at a student, of which it has

actual knowledge.

31.      Sexual harassment of a student by another student, including sexual assault and

sex-based violence, triggers a funding recipient's duties under Title IX to respond with

appropriate corrective measures, and an inadequate response by a funding recipient to a

complaint violates its responsibilities under Title IX.

32.      PC's handling of the Title IX Complaint against Plaintiff has denied and limited,

and will continue to deny and limit, his ability to participate in or benefit from PC's education

programs and activities.

33.      At all relevant times, PC had actual knowledge of its discriminatory grievance

procedure and its handling of the Title IX Complaint.

34.      PC acted with deliberate indifference to the rights of the Plaintiff through its

clearly unreasonable and discriminatory handling of the Title IX Complaint, thus materially

impairing Plaintiff's ability to pursue his education at PC in violation of Title IX.

35.      PC, through its deliberate indifference, (i) appointed an investigator to investigate

the Title IX Complaint who exceeds her role and acts as an adjudicator, (ii) failed to investigate

properly the Title IX Complaint and consider all relevant evidence, including but not limited to

the Polygraph Report submitted by Plaintiff, (iii) refused to provide Plaintiff a copy of the Preliminary Report and sufficient time to prepare a response, and/or (iv) denied Plaintiff an environment where he could participate in and/or benefit from PC's education programs and activities free from discrimination and harassment.

36.     As a direct and proximate result of PC's practices detailed above that were sufficiently severe to interfere with Plaintiff's ability to participate in and enjoy the benefits of the educational services offered by PC, and as a direct and proximate result of PC's deliberate indifference to Plaintiff's right to be free from discrimination based on sex, Plaintiff was denied access to a safe and secure educational environment in violation of Title IX, and was otherwise injured.

## COUNT II
## Breach of Contract

37.     The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

38.     The Sexual Misconduct Policy provides that a respondent in a Title IX investigation such as Plaintiff is entitled to "a reasonable and fair outcome." **Exhibit A**, p. 6.

39.     PC breached the Sexual Misconduct Policy by, among other things, (i) appointing an investigator to investigate the Title IX Complaint who exceeds her role and acts as an adjudicator, (ii) imposing a fundamentally unfair investigative/hearing process, (iii) failing to conduct a meaningful investigation, much less a fair investigation, (iv) denying Plaintiff's request for the Polygraph Report to be submitted to the hearing board for its consideration, (v) denying Plaintiff's request for a copy of the Preliminary Report and for sufficient time to prepare a response, (vi) denying Plaintiff the opportunity to cross-examine Complainant and any witnesses, and (vii) denying Plaintiff due process.

40.     Plaintiff fulfilled all of his obligations under the Sexual Misconduct Policy or was otherwise excused from doing so under the circumstances.

41.     As a proximate result of PC's breach, Plaintiff has and will incur substantial damages and/or will be irreparably harmed if PC is not compelled to invalidate any finding that Plaintiff is responsible for the allegations against him and to undertake a fair investigation and hearing of the Title IX Complaint.

## COUNT III
## Negligence

42.     The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

43.     At all relevant times, PC owed a duty of care to Plaintiff as a student to conduct a reasonable and fair investigation into the Title IX Complaint.

44.     PC disregarded its duty by, among other things, (i) appointing an investigator to investigate the Title IX Complaint who exceeds her role and acts as an adjudicator, (ii) imposing a fundamentally unfair investigative/hearing process, (iii) failing to conduct a meaningful investigation, much less a fair investigation, (iv) denying Plaintiff's request for the Polygraph Report to be submitted to the hearing board for its consideration, (v) denying Plaintiff's request for a copy of the Preliminary Report and for sufficient time to prepare a response, (vi) denying Plaintiff the opportunity to cross-examine Complainant and any witnesses, and and/or (vii) failing to otherwise exercise due care under the circumstances.

45.     Plaintiff acted with due care under the circumstances at all times.

46.     As a proximate result of PC's negligence, Plaintiff has and will incur substantial damages and/or will be irreparably harmed if PC is not compelled to invalidate any finding that

Plaintiff is responsible for the allegations against him and to undertake a fair investigation and hearing of the Title IX Complaint.

**COUNT IV**
**Injunctive Relief**

47.     The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

48.     As a matter of equity, this Court should issue a mandatory injunction compelling PC to (i) undertake a fair investigation and hearing of the Title IX Complaint to include submission of the Polygraph Report to the hearing board for its consideration, providing Plaintiff and his advisor with a copy of the Preliminary Report and any final report, providing Plaintiff sufficient time within which to prepare responses to any such reports, cross-examination of Complainant and her witnesses, and appointing a new investigator who does not exceed his/her role to investigate and report the facts or (ii) invalidate any finding that Plaintiff is responsible for the allegations against him resulting from an investigation and hearing that does not include submission of the Polygraph Report to the hearing board for its consideration, providing Plaintiff and his advisor with a copy of the Preliminary Report and any final report, providing Plaintiff sufficient time within which to prepare responses to any such reports, cross-examination of Complainant and her witnesses, and appointing a new investigator who does not exceed his/her role to investigate and report the facts.

**WHEREFORE**, Plaintiff prays that a judgment for the following relief be entered in his favor and against Defendant for:

(a)     compensatory damages to be determined by the trier of fact at trial;

(b)     a mandatory injunction compelling PC to (i) undertake a fair investigation and hearing of the Title IX Complaint to include submission of the Polygraph Report to the hearing

board for its consideration, providing Plaintiff and his advisor with a copy of the Preliminary Report and any final report, providing Plaintiff sufficient time within which to prepare responses to any such reports, cross-examination of Complainant and her witnesses, and appointing a new investigator who does not exceed his/her role to investigate and report the facts or (ii) invalidate any finding that Plaintiff is responsible for the allegations against him resulting from an investigation and hearing that does not include submission of the Polygraph Report to the hearing board for its consideration, providing Plaintiff and his advisor with a copy of the Preliminary Report and any final report, providing Plaintiff sufficient time within which to prepare responses to any such reports, cross-examination of Complainant and her witnesses, and appointing a new investigator who does not exceed his/her role to investigate and report the facts;

(c)     reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs; and

(d)     such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

JOHN DOE,
Plaintiff,
By his Attorneys,


/s/ Theresa L. Sousa
Stephen J. Brouillard, Esq. #6284
Theresa L. Sousa, Esq. #7745
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
(401) 223-2990 *telephone*
(877) 548-4539 *facsimile*
sbrouillard@bbsolaw.com
tsousa@bbsolaw.com

/s/ John R. Grasso
John R. Grasso, Esq. #7495
Law Office of John R. Grasso, Inc.
1 Custom House Street, 3rd Floor
Providence, RI 02903
(401) 272-4001 *telephone*
(888) 525-2096 *facsimile*
jrg@grassolaw.com

Dated:  June 13, 2019