UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE,            : | |
|     Plaintiff,     : | |
| : | |
| v.            : | C.A. No. 1:19-cv-000326 |
| : | |
| PROVIDENCE COLLEGE,   : | |
|     Defendant.     : | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, John Doe, pursuant to Fed. R. Civ. P. 65, hereby moves this Honorable Court for a temporary restraining order and preliminary injunction against Defendant, Providence College ("PC") compelling PC to undertake and provide a fair investigation and hearing of the Title IX Complaint to include (i) submission of the Polygraph Report to the hearing board for its consideration, (ii) providing Plaintiff and his advisor with a copy of the Preliminary Report and any final report, (iii) providing Plaintiff sufficient time within which to prepare responses to any such reports, (iv) cross-examination of Complainant and her witnesses, and (v) appointing a new investigator who does not exceed his/her role to investigate and report the facts.

**Facts**

Plaintiff began his freshman year at PC in August 2018. On March 18, 2019, Plaintiff was made aware of a complaint having been filed by a female PC student ("Complainant") alleging that Plaintiff sexually assaulted her in the late evening of September 29, 2018/early morning of September 30, 2018 ("Title IX Complaint") in violation of PC's <u>Sexual Misconduct or Relationship Violence Policy: Grievance Resolution Procedures for Reports of Policy Violations Against Students</u> (the "Sexual Misconduct Policy"). (See **Exhibit A** to Complaint.)

1

The nature of the Title IX Complaint made against Plaintiff is that he proceeded to have sex with Complainant without first obtaining affirmative consent from her.

PC's colorful history of how it handles adversarial proceedings is relevant to Plaintiff's request for injunctive relief in this case. PC appointed Kristie McCann Passalacqua, Esq. as an external investigator ("Investigator") to conduct the investigation into the Title IX Complaint. PC's Associate Vice President/Associate General Counsel Gail Dyer, J.D. ("Ms. Dyer") has also been involved in the Title IX Complaint. PC has a long-standing relationship with the Investigator including the Investigator serving as defense counsel to PC in the R.I. Superior Court case of John E. Langley, Jr. as administrator of the Estate of John D. Langley v. Providence College, C.A. No. PC-2005-5702. In Langley v. Providence College, Judge Hurst issued a decision detailing PC's pattern of concealment, evasion, and obstruction and misrepresentations made to the Court by PC and/or its counsel. (See 2009 WL 3328496).[1] Admittedly, Judge Hurst did not identify who in particular on PC's behalf was ultimately responsible for the egregious conduct she discovered. Nonetheless, the same players, Ms. Dyer and the Investigator, are both involved in this case.

---

[1] Judge Hurst held as follows:

> Providence College's interrogatory answers appear to have been artfully crafted and, together with the timing and sequence of the answers, evidence an overall scheme designed to obscure and confuse the truth about what the College knew… The skillfully wrought and obfuscating answers evidence a pattern of recalcitrance amounting to the obstruction of discovery in this case.

2009 WL 3328496, *46 (R.I. Super. 2009).

> It appears as if in motion was a general plan to influence the outcome of this litigation by concealing or obscuring discoverable facts and information.

*Id*. at *47.

Here, Plaintiff underwent a polygraph examination on April 18, 2019 that was conducted by one of the nation's leading polygraph examiners. The polygraph examination and results were peer-reviewed by a second leading polygraph examiner. Plaintiff passed the polygraph examination. On April 26, 2019, Plaintiff handed the Investigator a copy of the polygraph results and peer-review examination (the "Polygraph Report") requesting that it be made a part of the evidence submitted to the hearing board. On May 22, 2019, the Investigator informed Plaintiff that she could not incorporate it into her report as part of the fact gathering and analyzing process in her investigation simply because "[a]s the investigator, per PC's policy, I have discretion to include or exclude certain types of information and I decided to exclude this [polygraph] report."

On May 22, 2019, Plaintiff's advisor, John R. Grasso, Esq. ("Attorney Grasso") sent a letter to Gail Dyer, J.D., Associate Vice President/Associate General Counsel ("Ms. Dyer"), requesting that the Investigator be asked to reconsider her decision to exclude the Polygraph Report as part of the evidence to be submitted to the hearing board. Ms. Dyer has not responded to Attorney Grasso's letter request, nor has the Investigator indicated that she has reconsidered her decision to exclude the Polygraph Report.

On May 28, 2019 at 3:50 pm, PC's Office of Community Standards emailed Plaintiff informing him that it had received the Investigator's preliminary report regarding the Title IX Complaint ("Preliminary Report") and offered to make it available for viewing (without copying, photographing or removing it) by Plaintiff and his advisor during normal business hours for as long as reasonably necessary. However, Plaintiff was only given until 2:00 pm on May 31, 2019 to conduct the review with his advisor and provide his response. At Attorney Grasso's request, PC has agreed to give Plaintiff until 2:00 pm on June 14, 2019 to provide his response to the

Preliminary Report. The Preliminary Report is 75 single-spaced pages with 50 tabbed sections containing 136 additional pages of exhibits.

## Argument

The Sexual Misconduct Policy provides the Plaintiff with "[t]he opportunity to challenge the impartiality of a Hearing Board member or Investigator," "[t]he fair opportunity to provide information" and "[t]he right to a reasonable and fair outcome." (See **Exhibit A** to Complaint, p. 6). These are contractual rights afforded Plaintiff in this case to which PC is legally obligated to deliver. A review of the Preliminary Report makes it clear that the Investigator has not maintained impartiality and has allowed evidence that is favorable to Complainant while refusing to consider evidence that is favorable to Plaintiff. The Investigator's actions have jeopardized Plaintiff's right to a reasonable and fair outcome.

The Investigator refused to consider the Polygraph Report in the investigation despite its relevance in a case that is largely based on the credibility of the Plaintiff and Complainant. While the Investigator refused to consider a valuable piece of evidence without any basis or rationale, the Investigator did include in the 75-page Preliminary Report many factual inferences that are entirely irrelevant to whether Plaintiff violated the Sexual Misconduct Policy. The Preliminary Report also contains conclusions and assumptions by the Investigator which exceed the Investigator's role and encroaches on the hearing board's purview to evaluate and weigh the evidence. For example, the Preliminary Report includes a section "investigative conclusion" which contains the Investigator's conclusions of the evidence. This is clearly outside the purview of the Investigator and should be left to the sound discretion of the hearing board.

Finally, the Sexual Misconduct Policy provides for a fundamentally unfair grievance procedure, both as to the investigation and hearing including the prohibition against cross-

examination of complainant or witnesses and against copying, photographing or removing any investigative report. Plaintiff has been unfairly prejudiced by PC's refusal to provide Plaintiff with a copy of a very lengthy Preliminary Report in order for his counsel to provide a meaningful response.

**WHEREFORE**, Plaintiff requests that his Motion for Temporary Restraining Order and Preliminary Injunction be granted.

Pursuant to LR Cv 7(a)(c), Plaintiff requests a conference or brief hearing for a temporary restraining order and, if necessary, oral argument and an evidentiary hearing for preliminary injunction that Plaintiff estimates will not exceed one day.

                                                  JOHN DOE,
                                                  Plaintiff,
                                                  By his Attorneys,

                                                  /s/ Theresa L. Sousa
                                                  Stephen J. Brouillard, Esq. #6284
                                                  Theresa L. Sousa, Esq. #7745
                                                  Bianchi Brouillard Sousa & O'Connell, P.C.
                                                  56 Pine Street, Suite 250
                                                  Providence, RI 02903
                                                  (401) 223-2990 *telephone*
                                                  (877) 548-4539 *facsimile*
                                                  sbrouillard@bbsolaw.com
                                                  tsousa@bbsolaw.com