UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 1:19-cv-326-JJM |
| : | |
| PROVIDENCE COLLEGE, : | |
|     Defendant. : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, John Doe, submits this reply memorandum in response to Defendant, Providence College's ("PC") objection to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff responds to PC's arguments in *seriatim*.

First, PC argues that Plaintiff's motion should be denied because the allegations are not verified despite Plaintiff's request for an evidentiary hearing. Plaintiff relies upon the Affidavit of John Grasso, Plaintiff's advisor in the Title IX investigation, attached hereto as **Exhibit A** in support of Plaintiff's motion. Also attached hereto as **Exhibit B** is an affidavit of Plaintiff verifying the statements and allegations in the Complaint. Therefore, PC's first argument is moot.

Second, Plaintiff has a likelihood of success on the merits of his breach of contract claim against PC. PC's Sexual Misconduct or Relationship Violence Policy: Grievance Resolution Process for Reports of Policy Violations Against Students (the "Grievance Process") provides that the "investigation will be impartial, equitable, adequate, and reasonably prompt" with the "right to a reasonable and fair outcome." See EFC Docket No. 1-1, pp. 6 and 11. PC's investigation has been anything but impartial, equitable, and adequate. A glaring defect in the

1

process pertains to the preliminary report prepared by the Title IX investigator (the "Preliminary Report").

The Preliminary Report is approximately 75 single-spaced pages with 50 tabbed sections containing 136 additional pages of exhibits.  **Exhibit A**, ¶ 15.  Plaintiff's anticipated response to the Preliminary Report is his only opportunity to request changes to the Preliminary Report before the Preliminary Report is made final and handed over to a hearing panel.  **Exhibit A**, ¶ 14.  Given the sheer size and voluminous content of the Preliminary Report, PC's refusal to provide Plaintiff or his advisor with it is inequitable.  Without physical possession of the over 200 pages in the Preliminary Report, Plaintiff is unable to meaningfully or effectively examine and respond to the Preliminary Report and rely upon it to defend himself.  **Exhibit A**, ¶ 20.  If Plaintiff is not afforded the opportunity to meaningful participate in the investigative process, clearly it cannot be equitable and adequate nor result in a reasonable and fair outcome.

Many of the documents that comprise the exhibits to the Preliminary Report were provided by the complaining student.  **Exhibit A**, ¶ 16.  These documents are not available to Plaintiff although the complaining student has possession of these exhibits and is able to use them to prepare her response to the Preliminary Report and her statement to the hearing board.  PC's refusal to put Plaintiff on an equal playing field with the complaining student by providing him with documents that the complaining student has in her possession is fundamentally inequitable and inadequate.

The Preliminary Report includes factual findings and inferences by the investigator that are irrelevant to the Title IX Complaint and unfairly prejudicial to Plaintiff.  **Exhibit A**, ¶ 18.  The Preliminary Report also includes conclusions and assumptions by the investigator which exceed the Investigator's role and encroaches on the hearing board's purview to evaluate and

weigh the evidence. **Exhibit A**, ¶ 19.  The Preliminary Report itself is evidence that PC breached its promise to Plaintiff that the "investigation will be impartial, equitable, [and] adequate."[1] Given the lack of impartiality, inequities and inadequacies of the investigation process, it is impossible for the investigation to result in a reasonable and fair outcome.

      Third, PC has argued that Plaintiff's motion should be denied because Plaintiff cannot show irreparable harm.  PC argues that Plaintiff will continue to have his rights under the Grievance Process.  This is contrary to the facts which show that PC has breached the Grievance Process.  If the Preliminary Report as currently drafted is presented to the hearing board, it is all but a certainty that Plaintiff will be found to have violated PC's sexual misconduct policy and will be subject to a significant and immediate punishment up to expulsion.  Plaintiff's college career will essentially be over.  At that point the irreparable harm to Plaintiff cannot be undone and he cannot be compensated with monetary damages.  This Court should intervene to ensure the *process* is impartial, equitable and adequate as PC has promised to its students.

      Finally, the balance of the hardships weighs in favor of Plaintiff – not PC.  PC has complete and utter control over the investigative process and Plaintiff has no control whatsoever over his future.  PC's refusal to produce the Preliminary Report to Plaintiff despite the uneven playing field between the Plaintiff and complaining student is contrary to the public interest.  PC argues that if injunctive relief is granted, its ability to apply and enforce its Grievance Process "will be severely compromised."  It is quite the contrary.  If this Court grants Plaintiff's requested injunctive relief it will ensure that PC follows its Grievance Process in the future by providing an investigation that is impartial, equitable and adequate.  It will not only protect Plaintiff, but will also protect the public interest by protecting other PC students that are

---

[1] Plaintiff urges the Court to consider reviewing the Preliminary Report which contents support Plaintiff's claims that the investigation has not been impartial and PC is in breach of the Grievance Process.

subjected to PC's Title IX process.  PC's reference to another recently filed lawsuit by Plaintiff's counsel is nothing but a red herring.  While in both cases the college refused to produce a copy of the report to the plaintiff or the advisor, that is where the factual similarities end.  In that case, the report was not over 200 pages and the plaintiff was not denied copies of documents that were in the complaining student's possession.  The Court's ruling in the prior case is entirely irrelevant to the issues presented before the Court in Plaintiff's motion.

        Plaintiff respectfully requests that this Court grant his request for a temporary restraining order and a preliminary injunction.

JOHN DOE,
Plaintiff,
By his Attorneys,

/s/ Theresa L. Sousa
Stephen J. Brouillard, Esq. #6284
Theresa L. Sousa, Esq. #7745
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
(401) 223-2990 *telephone*
(877) 548-4539 *facsimile*
sbrouillard@bbsolaw.com
tsousa@bbsolaw.com

## CERTIFICATE OF SERVICE

        I hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 26, 2019.

/s/ Theresa L. Sousa