UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN DOE, :
    Plaintiff, :
     :
v. : C.A. No. 1:19-cv-326-JJM
     :
PROVIDENCE COLLEGE, :
    Defendant. :

## AFFIDAVIT OF JOHN GRASSO

The undersigned, being duly sworn, upon oath deposes and states:

1. In or about March 2019, a female student at Providence College (the "Complainant") filed a Title IX complaint against Plaintiff alleging that Plaintiff sexually assaulted her in September 2018 (the "Title IX Complaint").

2. The nature of the Title IX Complaint made against Plaintiff is that he proceeded to have sex with the Complainant without first obtaining consent from her.

3. Providence College appointed Kristie McCann Passalacqua as an external investigator (the "Investigator") to conduct the investigation into the Title IX Complaint (the "Title IX Investigation").

4. I have served and continue to serve as Plaintiff's advisor in the Title IX investigation.

5. On April 18, 2019, Plaintiff underwent a polygraph examination conducted by a leading polygraph examiners. The polygraph examination and results were peer-reviewed by a second leading polygraph examiner.

6. The polygraph examiner crafted a statement based on facts specific to the statement Plaintiff gave to the Investigator.

1

7. The polygraph examiner prepared a comprehensive polygraph examination report ("Polygraph Report") in which he concluded "no deception indicated."

8. On April 26, 2019, Plaintiff handed the Investigator a copy of the polygraph results and peer-review examination requesting that it be made a part of the evidence submitted to the hearing board.

9. On May 22, 2019, the Investigator informed Plaintiff that she could not incorporate it into her report as part of the fact gathering and analyzing process in her investigation simply because "[a]s the investigator, per PC's policy, I have discretion to include or exclude certain types of information and I decided to exclude this [polygraph] report."

10. On May 22, 2019, I sent a letter to Gail Dyer, J.D., Associate Vice President/Associate General Counsel ("Ms. Dyer"), requesting that the Investigator be asked to reconsider her decision to exclude the Polygraph Report as part of the evidence to be submitted to the hearing board.

11. Ms. Dyer has not responded to my letter request, nor has the Investigator indicated that she has reconsidered her decision to exclude the Polygraph Report.

12. On May 28, 2019 at 3:50 pm, Providence College's Office of Community Standards emailed Plaintiff informing him that it had received the Investigator's preliminary report regarding the Title IX Complaint ("Preliminary Report") and offered to make it available for viewing (without copying, photographing or removing it) by Plaintiff and his advisor during normal business hours for as long as reasonably necessary. However, Plaintiff was only given until 2:00 pm on May 31, 2019 to conduct the review with his advisor and provide his response.

13. At my request, Providence College agreed to give Plaintiff until 2:00 pm on June 14, 2019 to provide his response to the Preliminary Report.

14. Plaintiff's anticipated response to the Preliminary Report is his only opportunity to request changes to the Preliminary Report before the Preliminary Report is made final and handed over to a hearing panel.

15. I have reviewed the Preliminary Report which is approximately 75 single-spaced pages with 50 tabbed sections containing 136 additional pages of exhibits.

16. Many pages of the exhibits include text messages and other documents provided by the Complainant that are not available to Plaintiff.

17. Providence College refuses to provide a copy of the Preliminary Report or the exhibits to Plaintiff or me as his advisor.

18. The Preliminary Report includes factual findings by the Investigator that are irrelevant to the Title IX Complaint and unfairly prejudicial to Plaintiff.

19. The Preliminary Report also includes conclusions and assumptions by the Investigator which exceed the Investigator's role and encroaches on the hearing board's purview to evaluate and weigh the evidence.

20. Without physical possession of the over 200 pages in the Preliminary Report, Plaintiff is unable to meaningfully or effectively examine and respond to the Preliminary Report and rely upon it to defend himself.

21. All of the statements attested to herein are made to the best of my ability and knowledge.

Signed under the pains and penalties of perjury this 25th day of June, 2019.

_____
John R. Grasso

4