UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN DOE,                                  :
       Plaintiff,                         :
                                :
v.                                         :        C.A. No. 1:19-cv-326-JJM
                                :
PROVIDENCE COLLEGE,                         :
       Defendant.                         :

## PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, John Doe, hereby objects to Defendant's Motion to Dismiss made pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as to Plaintiff's Count I (breach of contract) and Count II (Title IX). Plaintiff does not oppose the dismissal of Count III (negligence) and Count IV (injunctive relief).

At the outset, Plaintiff is compelled to respond to Defendant's recitation of the law with regard to this Court's limited role in Title IX investigations. Plaintiff agrees that it is not the role of the courts to step in and act as the "super-investigator" or to replace a hearing board. It is, however, the role of the courts to enforce contracts. When there is a breach of a contract – even in a case that involves a Title IX investigation – it is the obligation of the judicial system to step in and hold the breaching party liable or, in cases of irreparable harm, to enforce the terms of the contract. Colleges and universities do not get a pass of their contractual obligations simply because the contractual subject matter involves a Title IX investigation.

Defendant aptly cites to *Doe v. Brown University*, 210 F. Supp. 3d 310 ("*Brown II*"), to explain this Court's role in this case. See Defendant's Motion to Dismiss, p. 9. Plaintiff has not asked this Court to (i) determine the facts of what happened, (ii) decide whether Plaintiff has

violated Defendant's policies, (iii) make judgement calls on evidence, or (iv) determine if the process was optimal.  Rather, Plaintiff has requested that this Court uphold the contract between Defendant and Plaintiff to ensure that Defendant fulfills its contractual obligations.  **Defendant contractually promised Plaintiff that any Title IX "investigation will be impartial, equitable, adequate, and reasonably prompt" with the "right to a reasonable and fair outcome."**  See ECF Docket No. 1-1, pp. 6 and 11.  These are the specific rights Plaintiff is seeking to enforce by way of this lawsuit.  Without Defendant fulfilling its obligation to provide Plaintiff with an impartial, equitable and adequate investigation, Plaintiff cannot and will not receive his contractual right to a reasonable and fair outcome.  Since this Court is not prohibited from enforcing contracts between a student and college as Defendant suggests, Plaintiff turns to the merits of Defendant's Motion.

1.      **Plaintiff's Breach of Contract and Title IX Claims are Ripe for Adjudication**

        The sole basis upon which Defendant relies to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction is ripeness.  Defendant alleges that Plaintiff is wrongly seeking to interject the Court into Defendant's ongoing Title IX investigation.  Contrary to Defendant's assertion, Defendant is not conducting a fair and equitable process and Plaintiff has been injured as a result.  Therefore, Plaintiff's claims are ripe and this Court has subject matter jurisdiction.

        The doctrine of ripeness "'asks whether an injury *that has not yet happened* is sufficiently likely to happen' to warrant judicial review." *Gun Owners' Action League, Inc. v. Swift*, 284 F.3d 198, 205 (1st Cir. 2002) (emphasis added).  "The facts alleged, under all the circumstances, must show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of the judicial relief sought." *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017) (internal quotations omitted).  "One

does not have to await the consummation of a threatened injury to obtain preventive relief. If the injury is certainly impending that is enough." *Gun Owners' Action League, Inc.*, 284 F.3d at 206.

The facts of *Doe v. University of Michigan,* 325 F. Supp.3d 821 (E.D. Mich. 2018), are analogous to the facts here. In *University of Michigan*, the plaintiff had been accused of sexual assault and filed the lawsuit in the midst of the investigation alleging that the process violated due process. *Id*. at 823. The university made the same argument as Defendant – that the plaintiff's claims were not ripe because the investigation was ongoing and there had not been a finding that Plaintiff violated the university's policies. The Court held that the case was ripe for adjudication based on the following rationale:

> All three factors support a finding that this case satisfies the ripeness requirement. First, Plaintiff who may presently be without sufficient due process protections, is at immediate risk of expulsion. Moreover, he has already suffered injury – sexual assault allegations may " 'impugn [his] reputation and integrity, thus implicating a protected liberty interest.' " *Id.* at 826 (citing *Doe v. Univ. of Cincinnati*, 872 F.2d 393, 399 (6th Cir. 2017) (quoting *Doe w. Cummins*, 662 Fed.Appx. 437, 445 (6th Cir. 2016)).

> *            *            *            *            *

> Finally, if the Court denies this Motion, but ultimately finds that the Policy violates due process, Plaintiff will have been forced to defend himself against serious sexual allegations without adequate constitutional safeguards.

> Defendants essentially ask the Court to sit back and wait for the investigator to issue findings against Plaintiff before intervening in this action. But, at this very moment, the University may be denying Plaintiff due process protections to which he is entitled. The Court cannot, and will not, simply standby as the fruit continues to rot on the tree. This case is ripe for adjudication.

*Id.* at 826.

Although *University of Michigan* involved due process claims, the Court's analysis is

equally applicable to Plaintiff's claims. Plaintiff has already suffered injury since sexual assault allegations have been brought against him. If Plaintiff is required to complete the Title IX process without court intervention, he will be forced to defend himself against serious sexual assault allegations without Defendant having followed its own Sexual Misconduct or Relationship Violence Policy: Grievance Resolution Procedures for Reports of Policy Violations Against Students (the "Grievance Process"). Defendant is asking this Court to sit back and allow it to violate its Grievance Process that is designed to protect its students, including Plaintiff.

Even if this Court determines that the allegations of sexual assault do not constitute an actual injury in fact, the injury to Plaintiff is certainly impending. As detailed in Plaintiff's Reply Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction, the preliminary report prepared by the Title IX investigator includes conclusions and assumptions by the investigator which exceed the investigator's role and encroaches on the hearing board's purview to evaluate and weigh the evidence. If the preliminary report as currently drafted is presented to the hearing board, it is all but a certainty that Plaintiff will be found to have violated Defendant's sexual misconduct policy and will be subject to a significant and immediate punishment up to expulsion. Therefore, the harm alleged by Plaintiff is not only likely to happen – it is all but a certainty that it will happen.

The hardship to Plaintiff also weighs in favor of these claims being ripe for review. Defendant argues that the Grievance Process prescribes an even process for the complainant and respondent and Plaintiff is seeking to tip the process in his favor. This is contrary to the facts. Many of the documents that comprise the exhibits to the investigator's preliminary report were provided by the complaining student. The complaining student has possession of these exhibits and is able to use them to prepare her response to the preliminary report and her statement to the

hearing board.  These documents are not available to Plaintiff and, as such, he cannot make use of them in nearly the same way, if at all, as the complaining student will be able to make use of these documents.  For example, if the Plaintiff decided that he wanted to enlarge a text message or series of text messages to bring with him to the hearing, he could not because the Defendant has denied him access to any and all information included in the preliminary report.  While the Defendant permitted the Plaintiff to look at the preliminary report and take notes, it denied Plaintiff the opportunity to copy the information in a manner that would allow him to later use that information at a hearing.  In other words, because much of the information included in the preliminary report remains in the complaining student's possession, she has the opportunity to prepare her case with it and then carry it all with her into the hearing.  If the Defendant is permitted to do what it has done so far, the Plaintiff will have nothing more than his notes to prepare for his hearing.  When this Court considers the volume and nature of the exhibits, the gross unfairness should be obvious.

Defendant's refusal to put Plaintiff on an equal playing field with the complaining student by providing him with documents that the complaining student has in her possession is fundamentally inequitable, inadequate and unfairly prejudicial.  This is a breach of Defendant's obligation to provide Plaintiff with an equitable and adequate investigative process.

Taking all of the Plaintiff's allegations as true, as this Court must in determining a motion to dismiss, Plaintiff has asserted claims that are ripe for determination.  Therefore, this Court has subject matter jurisdiction over Plaintiff's claims.

## 2.      <u>Plaintiff's Complaint States a Claim to Relief</u>.

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to him.  *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.2d 45, 48 (1ˢᵗ Cir. 2009).  "A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief."  *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1ˢᵗ Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)).

### a.   Breach of Contract

Defendant relies upon *Doe v. Brown University*, 210 F. Supp. 3d 310, to support its argument that Plaintiff's breach of contract claim fails to state a claim for relief.  *Brown II* involved a bench trial in which the Court determined that Brown University breached the university handbook.  The Court explained the analysis in these types of cases:

> [t]he rules set out in a university's handbook are "enforceable as long as [they are] not against public policy or law."  A rule "violates public policy only of it is '[1] injurious to the interests of the public, [2] interferes with the public welfare or safety, [3] is unconscionable, or [4] tends to injustice of oppression.'"
>
> There are thus three broad questions the Court must answer in this case: 1) whether Brown's rules and procedures, on their face, violate public policy or the law; 2) whether Brown violated any of the specific terms of its contract and/or applied its rules arbitrarily and capriciously in Doe's case; 3) if there was a breach of contract, whether that breach caused Doe's damage.

*Id.* at 331.  Defendant argues that Plaintiff's breach of contract claim should be dismissed because the answers to the first and second questions are in the negative.  Plaintiff has not alleged that the Grievance Process violates public policy.  The basis for Plaintiff's claim is Defendant's denial of rights Defendant is contractually obligated to provide to Plaintiff.

This Court in *Brown II* determined that although Brown's procedures did not violate public policy, there was a breach by Brown University because of its application of its own

procedures.

> On the first question, the Court finds that the procedures Brown has put in place for adjudicating sexual misconduct cases are not against public policy or the law.  The problem in this case is that the process was not properly applied.

*Id.* at 331.  Similarly, Plaintiff has alleged sufficient facts to state a plausible claim that Defendant breached its contract with Plaintiff in its application of its own procedures.  Defendant has promised Plaintiff that the "investigation will be impartial, equitable, [and] adequate." Plaintiff's Complaint alleges sufficient facts that the investigation has not been impartial, equitable or adequate.  Again, without Defendant fulfilling its obligation to provide Plaintiff with an impartial, equitable and adequate investigation, Plaintiff cannot and will not receive his contractual right to a reasonable and fair outcome.

### b.     Title IX

To the extent the Court determines that an outcome of the Title IX process is a prerequisite to Plaintiff maintaining a Title IX claim, which Plaintiff denies, Plaintiff requests that this count not be dismissed but held in abeyance until the investigative and appellate processes have been completed by Defendant.  Based on the outcome of the investigation and any appeal that may be taken, Plaintiff will either voluntarily dismiss this count or file a motion for leave to amend and/or supplement his Complaint.

### 3.     Dismissal of Negligence and Injunctive Relief Counts

Plaintiff does not oppose the dismissal of Count III alleging negligence.  The duty upon which the negligence claim is premised arises out of the parties' contract and is subsumed in the breach of contract claim.

Plaintiff separately pled his requested remedy of injunctive relief in Count IV.  Out of an abundance of caution, Plaintiff included it in his request for relief <u>and</u> as a separate count.

Plaintiff does not object to the dismissal of Count IV without prejudice as to the claim for injunctive relief laid out in Plaintiff's Prayer for Relief.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied as to Counts I and II without the need for a hearing.  To the extent the Court is inclined to grant Defendant's Motion to Dismiss as to either Count I or II, Plaintiff respectfully requests that the motion and this case be stayed pending the outcome of the Title IX process and any appeal that may be taken.

JOHN DOE,
Plaintiff,
By his Attorneys,


/s/ Theresa L. Sousa
Stephen J. Brouillard, Esq. #6284
Theresa L. Sousa, Esq. #7745
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
(401) 223-2990 *telephone*
(877) 548-4539 *facsimile*
sbrouillard@bbsolaw.com
tsousa@bbsolaw.com


**CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 3, 2019.


/s/ Theresa L. Sousa